UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
MAR 14 2023

| | |
|---|---|
| TUJUANE LOWRY,<br><br>Plaintiff,<br><br>vs.<br><br>DAVE LUNZMAN[1], Brown County Sheriff, in his official capacity, MONICA HEIN, nurse for Brown County Jail, in her official capacity, and SGT. CINDY MITCHELL, in her official capacity,<br><br>Defendants. | 1:23-CV-01006-CBK<br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff is a state court pretrial detainee at the Faulk County, South Dakota, jail. He is scheduled for a jury trial on March 29, 2023, in one of his state court cases. He has filed a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

    A prisoner must pay, as an initial partial filing fee, 20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance of the prisoner's account for the last six months. 28 U.S.C. § 1915(b)(1)(A) and (B). The Court finds that plaintiff is required to make an initial partial filing fee of $17.84.

---

[1] Plaintiff misspelled the defendant's name. The defendant is a public official. I take judicial notice of the correct spelling.

The Prison Litigation Reform Act requires the Court to screen prisoner complaints and dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988). Plaintiff states in his *pro so* complaint that, when he was housed at the Brown County, South Dakota, jail in September 2022, he was denied access to essential health care. He alleges that he has a recurring infection which requires prescription antibiotics, that he asked defendants Hein and Lunzman to contact his doctor for a refill of his prescription and requested to see a doctor, and that defendants refused his requests for medical care. He contends that his condition results in leaking sores and is painful.

The United States Supreme Court held in Estelle v. Gamble, that:

> deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle v. Gamble, 429 U.S. 97, 104–05, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (internal citation omitted). "To prove his deliberate indifference claim, [plaintiff] must show: '(1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it.'" Johnson v. Leonard, 929 F.3d 569, 575 (8th Cir. 2019) (quoting Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004)).

2

Construing plaintiff's complaint liberally, plaintiff's complaint claims defendants were deliberately indifferent to his serious medical need in violation of the Eighth Amendment to the United States Constitution.

Plaintiff filed a letter request to add Sgt. Mitchell as a party defendant. Plaintiff contends that he is not housed in the general population at the Brown County Jail and that defendant Mitchell is responsible for his placement. Plaintiff has not alleged any federal constitutional or statutory right that is implicated by his housing placement. He has failed to state a claim upon which relief can be granted against defendant Mitchell.

When a plaintiff is granted leave to file a federal complaint without prepayment of fees, the district court may order the service of process pursuant to 28 U.S.C. § 1915(d).

Based upon the foregoing,

IT IS ORDERED:

1. Plaintiff's application, Doc. 4, to proceed without the prepayment of the filing fee is granted.

2. Plaintiff shall pay an initial filing fee in the amount of $17.84 to the Clerk of the U.S. District Court, 225 S. Pierre Street, Pierre, SD, 57501, on or before April 15, 2023. Failure to do so may result in dismissal of this action for failure to prosecute.

3. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

4. The Clerk of Court shall send a copy of this order to the appropriate official at plaintiff's institution.

5. Upon payment of the initial filing fee, the Clerk of Court shall provide plaintiff a separate summons and USM-285 form for each defendant. Plaintiff shall compete and return to the Clerk of Court a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summonses.

6. The United States Marshals Service shall serve a copy of the summons and complaint upon the defendants pursuant to SDCL 15-6-4(d)(8). All costs of service shall be advanced by the United States.

7. In the event plaintiff makes a recovery under the complaint, plaintiff shall reimburse the government for any filing and service fees that have been advanced.

8. If the plaintiff fails to complete and return summons and the USM-285 forms as directed, this matter will be dismissed for failure to prosecute.

9. Plaintiff's claims against defendant Mitchell are dismissed for failure to state a claim.

DATED this 10th day of March, 2023.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge