UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| TUJUANE LOWRY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DAVE LUNZMAN, Brown County Sheriff, in his official capacity, and MONICA HEIN, nurse for Brown County Jail, in her official capacity,<br><br>　　　　　Defendants. | 1:23-CV-01006-CBK<br><br>ORDER |

　　　Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that, while he was a pretrial detainee at the Brown County, South Dakota, Jail, defendants were deliberately indifferent to his serious medical need in violation of the Eighth Amendment to the United States Constitution. Defendants filed a motion to dismiss and brief on May 9, 2023. The motion and brief were served upon plaintiff at the Faulk County, South Dakota, Jail where he was then residing. On September 5, 2023, plaintiff notified the Clerk of Courts that, effective August 30, 2023, he was being moved in transit to a federal correctional facility. Between September and November 2023, plaintiff notified the Clerk of Courts six times as to his change of address. His last address update showed that he was, at least as of November 14, 2023, residing at the Big Sandy United States Penitentiary in Inez, Kentucky, where he still resides. https://www.bop.gov/inmateloc/, visited February 27, 2024.

　　　Plaintiff did not respond to the motion to dismiss despite having remained at Faulk County Jail for over three months after the motion was served upon him. He has been housed at his current facility for over three months.

　　　Plaintiff sued defendants in their "official capacity" only. Defendants contend plaintiff's complaint fails to state a claim upon which relief can be granted against either

defendant in their official capacities. Plaintiff has not responded to the motion to dismiss to argue otherwise. When a public employee is sued in his or her official capacity, the plaintiff is suing "only the public employer," in this case, Brown County. Furlow v. Belmar, 52 F.4th 393, 406 (8th Cir. 2022). *Accord*, White v. Jackson, 865 F.3d 1064, 1075 (8th Cir. 2017) ("Because plaintiffs have sued [defendants] in their official capacities, their claims are 'against the governmental entity itself.'").

Local governments, like counties and cities, are liable only for "their own illegal acts" and are not vicariously liable under § 1983. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978). *Accord*, Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011). "A county may be liable for a constitutional violation under § 1983 only if the violation resulted from a policy or custom of the municipality." Calgaro v. St. Louis County, 919 F.3d 1054, 1058 (8th Cir. 2019) (*citing* Monell v. Dep't of Soc. Servs., *supra*.). Plaintiff does not allege that any official action or policy on behalf of Brown County or its policy making officials caused his injuries or damages. His official capacity claims should be dismissed for failure to state a claim upon which relief can be granted.

Now, therefore,

IT IS ORDERED that defendants' motion, Doc. 18, to dismiss is granted.

IT IS FURTHER ORDERED that judgment is entered in favor of the defendants without costs.

DATED this 6th day of March, 2024.

BY THE COURT:

*Charles B. Kornmann*

_____
CHARLES B. KORNMANN
United States District Judge